UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
EASTERN DIVISION

**08CV1333**
**JUDGE BUCKLO**
**MAG. JUDGE BROWN**

Manheim Automotive Financial Services, Inc., )
)
Plaintiff, )
v. )
)
Scott Small and James Douvas, )
)
Defendants. )

Adversary No. 07 A 00407

FILED
MAR 0 5 2008
MAR - 5 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION TO WITHDRAW REFERENCE OF THIS ADVERSARY PROCEEDING

Plaintiff, Manheim Automotive Financial Services, Inc., by its attorneys Nisen & Elliott, LLC, hereby moves to withdraw the reference to the bankruptcy court of the above captioned adversary proceeding, pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a). In support of this motion, movant states as follows:

### Introduction

Manheim Automotive Financial Services, Inc. ("MAFS") previously filed an action against Scott Small ("Small"), and others, based on the sale of MAFS' Collateral and the refusal to transfer the proceed of sale to MAFS. A copy of the previously filed Complaint is attached hereto as Exhibit A. Judge Der-Yeghiayan entered judgments against all of the defendants in that case except Small on December 20, 2005. Small filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code shortly before the judgments were to be entered, Case No. 05 B 48030 ("Small's Bankruptcy Case"). Therefore, MAFS filed an Adversary Proceeding in Small's Bankruptcy Case seeking a judgment against Small and a third party, James Douvas ("Douvas"). A copy of the Adversary Complaint is attached hereto as Exhibit B. MAFS named

Douvas as defendant because Small claims Douvas was the one who stole MAFS' Collateral. The Bankruptcy Judge assigned to hear the Adversary Proceeding recently expressed that in his opinion the Seventh Circuit Court of Appeals does not favor his assertion of jurisdiction over third parties such as Douvas in matters of these types. However, he also expressed his understating that it might be appropriate to hear the actions against Small and Douvas together. The best forum to do that would be this Court because there is no question that this Court may assert jurisdiction over both Small and Douvas. Therefore, MAFS now requests this Court to withdraw the reference of the Adversary Complaint and hear the case in the district court.[1]

**I.   The Bankruptcy Proceedings of Scott Small.**

Small filed a Voluntary Petition for Chapter 7 bankruptcy in the United States Bankruptcy Court of the Northern District of Illinois on October 11, 2005. On May 16, 2007, MAFS filed the above captioned adversary complaint. Count I of the Adversary Complaint states a cause of action against both Small and Douvas based on the conversion of MAFS' Collateral through the sale (or disposal) of MAFS' Collateral and the failure to remit the proceeds to MAFS.[2]

**II.   The Facts Underlying The Claims Against Small And Douvas.**

The facts related to the claims against Small and Douvas are summarized below.[3]

---

[1] MAFS does not seek withdrawal of Small's Bankruptcy Case, merely the Adversary Complaint attached hereto as Exhibit B.

[2] The Adversary Complaint contains eight counts. Count I seeks a judgment against Small and Douvas for the conversion of MAFS Collateral. Counts II through IV request the Court to find that debts owed by the Debtor to MAFS are non-dischargeable. Counts V through VIII alternatively request the Court to deny the Debtor a discharge.

[3] The facts are taken from the Adversary Complaint at issue.

A.  **MAFS Agrees To Finance The Purchase of Motor Vehicles Which Then Become MAFS Collateral.**

MAFS agreed to finance the acquisition of motor vehicles for SFS Enterprises ("SFS") pursuant to the request of Small. Small was the president and sole shareholder of SFS. As part of the consideration for financing the acquisition of motor vehicles, Small personally guaranteed payment of all indebtedness and performance of all terms related to the indebtedness.

As part of the financing agreement, SFS through its president Scott Small granted MAFS a security interest in all vehicle inventory, proceeds, and other items as specified in the Security Agreement (the "Collateral"). MAFS perfected its security interest in the Collateral by filing a UCC-1 Financing Statement. Pursuant to the above, MAFS financed motor vehicles.

The Promissory Note provides, in pertinent part:

> "Principal and interest hereunder shall be due and payable by Borrower on the dates and in the manner as follows:
>
> (a) Subject to any payment changes resulting from changes in the Index Rate, Borrower will pay regular monthly installments of interest only, due as of each payment date, commencing on the fifteenth (15th) day of February 2005, with all subsequent payments to be due on the fifteenth (15th) day of each month thereafter or such other dates as may be specified by the Lender; and
> (b) Any Advance for a Vehicle shall be payable on the earliest of:
> (i) forty-eight (48) hours from the time of sale or within twenty-four (24) hours from the time Borrower receives payment by or on behalf of the purchaser of such Vehicle; or (ii) the Maturity Date (as defined below) for such Advance; or (iii) the termination of the Security Agreement.
> (c) Payments of principal required from time to time if the Vehicle is subject to the Lender's curtailment program."

The related Security Agreement provides:

4

14. <u>Event of Default.</u>

"An 'Event of Default' shall include the following: (a) a default by Borrower in the payment or performance of any obligation or agreement under this Agreement or any other agreement with, or guaranty to, Lender; (b) any representation or warranty, whether made in or pursuant to this Agreement or any other obligation or debt to Lender, which is found to be untrue in any material respect; (c) the institution of a proceeding in bankruptcy, receivership or insolvency by or against Borrower or its property or by or against any Guarantor; (d) an assignment by Borrower or any Guarantor for the benefit of creditors; (e) a default by any Guarantor in the payment or performance of any obligation under a Guaranty; (f) the death or incompetence of any Guarantor; (g) the termination of any Guaranty; or (h) if Lender shall deem itself insecure. Time is of the essence in the performance of all obligations of Borrower."

**B.     The Defendants Each Claim The Other Stole The Collateral.**

SFS and Small no longer possess the vehicles financed by MAFS and did not forward the proceeds from the sale of these vehicles (i.e. MAFS' Collateral) to MAFS. In investigating the disposition of its collateral, MAFS examined both Small and Douvas during the course of Small's Bankruptcy Case. Essentially, each Defendant claims the other stole MAFS' Collateral.

**1.     Small Claims Douvas Stole MAFS' Collateral.**

Small claims that he entered into an agreement with Douvas whereby Douvas agreed to sell MAFS' Collateral to retail customers for SFS.[4] As part of the alleged agreement between Small and Douvas, SFS was to retain physical possession of the titles in its name until the vehicles were sold. Then, in exchange for delivery of the sale proceeds (minus some fees and expenses) Small would transfer the titles to Douvas. Small claims that he did not pay MAFS as required because Douvas stole MAFS Collateral (likely by selling the vehicles but failing to pay

---

[4] Small claims that SFS was formerly an Illinois dealership but gave up its Illinois license (which allowed it to sell to retail customers) in order to become an Indiana licensed wholesale dealer. Small further claims that SFS was located at 200 Commerce Square in Michigan City, Indiana. However, SFS had no office to conduct business located at that address. No employees of SFS worked in Michigan City, Indiana. In reality, this address was merely the location of a third party which forwarded phone calls and mail. In fact, there were other dealers using this "service" claiming to be located at the same address.

5

for them).

### 2. Douvas Claims Small Stole MAFS' Collateral.

Douvas admits selling certain vehicles and not paying for them but claims that Small stole vehicles and/or their certificates of title from him. Douvas also claims that Small failed to pay him hundreds of thousands of dollars that were allegedly owed for other reasons.

Therefore, both Defendants acknowledge that MAFS was not paid for its collateral. However, both argue that the other defendant was at fault.

### III. MAFS' Claims Against Small And Douvas Need To Be Heard Together.

MAFS' claims against Douvas and Small must be heard together. One court must determine whether Small is liable to MAFS or whether Douvas is liable to MAFS in order to ensure that consistent results are reached.[5]

The admissions of Small and Douvas already compel the conclusion that one of the two defendants is liable to MAFS for the value of the collateral. Because the bankruptcy court does not believe it has jurisdiction over Douvas, the Adversary Complaint should be withdrawn so that the allegations can be heard together.

### IV. The Adversary Complaint Meets the Standards For Withdrawal.

28 U.S.C. § 157(d) provides that the district court may withdraw, in whole of in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. 28 U.S.C. § 157(d). Cause for withdrawal exists in situations where two proceedings (in bankruptcy and non-bankruptcy forums) litigate essentially the same core of

---

[5] If MAFS is forced to pursue Small and Douvas in different venues, it is possible that neither Small nor Douvas would be found liable to MAFS. Likewise, if this dispute is heard in more than one forum, both Small and Douvas could be found liable for the MAFS Collateral.

6

transactional facts with different parties. In re Sevko, Inc., 143 B.R. 114, 117 (N.D. Ill. 1992); In re Xonics, 67 B.R. 33 (N.D. Ill. 1986); In re Wedtech, 81 B.R. 237, 239 (S.D.N.Y. 1987); In re Enviro-Scope Corp., 57 B.R. 1005, 1007 (E.D.Pa. 1985).

In addition, this situation involves many of the factors used to determine when cause exists for permissive withdrawal, including reducing duplicative proceedings, considering judicial economy and sparing the resources of the parties in the bankruptcy proceeding. In re Sevko, Inc., at 117. Most important, permissive withdrawal is appropriate to prevent inconsistent factual results. In re Sevko, Inc., at 117; In re Enviro-Scope Corp., at 1008. If MAFS' claims against Small and Douvas are not heard together, it is possible that neither defendant, or both defendants, would be held liable for the MAFS' Collateral.

## V. This Court Has Jurisdiction Over The Parties And This Subject Matter Based On Diversity Jurisdiction.

Diversity jurisdiction exists in the present adversary proceeding. MAFS is a corporation organized and existing under the laws of the State of Delaware. Its principal place of business is Atlanta, Georgia. Small is an individual residing on Ridge Road in Highland Park, Illinois. Douvas is an individual residing on Fairway Lane in Itasca, Illinois. In addition, the present dispute is worth more than $75,000.

### Conclusion

The Bankruptcy Judge recently expressed his opinion that the Seventh Circuit Court of Appeals does not favor the assertion of jurisdiction over parties such as Douvas in the above captioned Adversary Proceeding. Judge Goldgar recognized that the claims against Small and Douvas are factually intertwined and would undoubtedly assert jurisdiction over Douvas if he felt it was possible and appropriate in order to expedite the resolution of these disputes. However, after careful consideration, briefing and argument, Judge Goldgar did not believe it

was appropriate to assert bankruptcy jurisdiction over Douvas. Nevertheless, these claims still need to be heard together in order to avoid inconsistent results, facilitate judicial economy, and because the same set of facts are alleged against both Douvas and Small (and because diversity jurisdiction is present). Therefore, the District Court for the Northern District of Illinois should withdraw its reference and hear this Adversary Proceeding.

WHEREFORE, for the foregoing reasons, Manheim Automotive Financial Services moves that this Court withdraw the reference of the adversary proceeding and for all further relief this court deems just.

Respectfully submitted,

Manheim Automotive Financial Services

By: /s/ Daniel P. Dawson
     One of its attorneys

Daniel P. Dawson (ARDC# 6199728)
Brittany E. Kirk (ARDC #6294286)
Nisen & Elliott, LLC
200 W. Adams Street, Suite 2500
Chicago, Illinois 60606
(312) 346-7800